## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VITAMIN ENERGY, LLC,** | : | **COMPLAINT AND DEMAND** |
| | : | **FOR JURY TRIAL** |
| Plaintiff, | : | |
| | : | **Case No.** |
| v. | : | |
| | : | |
| **BOOMER NATURALS INC. and** | : | |
| **DANIEL CAPRI,** | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff Vitamin Energy, LLC, through its undersigned counsel, hereby demands judgment against Defendants Boomer Naturals Inc. and Daniel Capri, for the reasons and the amounts set forth below, and in support thereof avers as follows:

## PARTIES

1.     Plaintiff Vitamin Energy, LLC ("Vitamin Energy") is Delaware limited liability company with its principal place of business in Chadds Ford, PA, 19317.

2.     Defendant Boomer Naturals Inc. ("Boomer Naturals") is a Nevada corporation with its principal place of business at 2820 S. Jones Blvd., Las Vegas, NV, 89146.

3.      On information and belief, Defendant Daniel Capri ("Capri") resides at 3316 Turtle Vista Circle, Las Vegas, NV, 89117.

## JURISDICTION AND VENUE

4.      This Complaint includes the following claims under federal law: (1) trademark infringement under 15 U.S.C. § 1114; and (2) false and misleading descriptions and designations of affiliation, connection, association, origin, sponsorship, and approval under 15 U.S.C. § 1125(a)(1)(A).

5.      This Complaint includes the following claims under Pennsylvania law: (1) common law trademark infringement and unfair competition; and (2) dilution under 54 PA. CONS. STAT. § 1124.

6.      This Court has federal question subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 15 U.S.C. § 1121.

7.      This Court has supplemental subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as the state law claims form part of the same case and controversy under Article III of the United States Constitution.

8.      This Court has specific personal jurisdiction over Boomer Naturals and Capri because they had sufficient minimum contacts with the Commonwealth of Pennsylvania and with this District, this action arises out of these contacts, and

exercising personal jurisdiction over them would be reasonable and comport with due process requirements.

9.      Venue is proper in this District under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

**A.      Vitamin Energy's Intellectual Property**

10.     Vitamin Energy owns and possesses full legal rights to enforce a family of trademarks (hereafter "VITAMIN ENERGY Trademarks") that are used in connection with the marketing and sale of VITAMIN ENERGY® branded products. Two of the VITAMIN ENERGY Trademarks have received federal registrations:

| Mark | Registration No. | Registration Date | Class of Goods |
|------|------------------|-------------------|----------------|
| | 5,569,106 | Sep. 25, 2018 | (Class 32) Energy drinks enhanced with vitamins |
| Vitamin Energy | 5,420,102 | Mar. 6, 2018 | (Class 32) Energy drinks enhanced with vitamins |

(Attached to this Complaint as Exhibits 1 and 2 are Certificate of Registration No. 5,596,106 and Certificate of Registration No. 5,420,102).

11.     Vitamin Energy's trademark registrations are current, in full force and effect, and relate to trademarks that are inherently distinctive or have become distinctive through the acquisition of secondary meaning.

12.     In addition, the VITAMIN ENERGY Trademarks are famous as contemplated by 54 PA. CONS. STAT. § 1124.

13.     Vitamin Energy uses the VITAMIN ENERGY Trademarks in connection with advertising, distributing, and selling VITAMIN ENERGY® branded dietary supplements that are commonly categorized as "energy shots" ("VITAMIN ENERGY Products"). Examples of Vitamin Energy's VITAMIN ENERGY Products are shown below:



 

14.     In addition, Vitamin Energy has expanded its product lines to include supplements. Examples of Vitamin Energy's VITAMIN ENERGY® branded supplements are shown below:

 

15.     Vitamin Energy has devoted significant time, effort, and resources to create consumer recognition in its VITAMIN ENERGY Trademarks by developing and promoting its VITAMIN ENERGY Products.

16.     Since 2017 to the present, more than three years before the acts complained of herein, Vitamin Energy has extensively and continuously used its

5

VITAMIN ENERGY Trademarks in commerce in association with its VITAMIN ENERGY Products.

17.     For example, since October 2017, Vitamin Energy has extensively and continuously used its VITAMIN ENERGY Trademarks on its <vitaminenergy.com> online store in advertising, promoting, and selling VITAMIN ENERGY Products over the World Wide Web.

18.     Since October 2017, Vitamin Energy has extensively and continuously used its VITAMIN ENERGY Trademarks in advertising and promoting its VITAMIN ENERGY Products on Facebook.

19.     Since January 2018, Vitamin Energy has extensively and continuously used its VITAMIN ENERGY Trademarks in advertising, promoting, and selling VITAMIN ENERGY Products through third-party online stores, including Amazon and Walmart.com.

20.     Since February 2018, Vitamin Energy has extensively and continuously used its VITAMIN ENERGY Trademarks in advertising and promoting its VITAMIN ENERGY Products on Instagram.

21.     In February 2018, Vitamin Energy first began selling VITAMIN ENERGY Products in brick-and-mortar stores, specifically, in approximately 500 Hess Gas Stations and various independent stores located in New York State.

22.    In July 2018, Vitamin Energy expanded its brick-and-mortar sales into southern Georgia and northern Florida, selling VITAMIN ENERGY Products in Southwest Georgia Oil Company, Inc.'s Inland store locations.

23.    In April 2020, Vitamin Energy expanded its sales of VITAMIN ENERGY Products in brick-and-mortar stores into Arizona, Colorado, Idaho, Montana, Nebraska, Nevada, Oregon, Utah, Washington State, and Wyoming, in approximately 300 Maverik store locations.

24.    Vitamin Energy's April 2020 expansion into the Maverik store locations included Maverik stores located in Las Vegas, Nevada, where Boomer Naturals and Capri reside.

25.    In fact, by May 2020, Vitamin Energy was selling VITAMIN ENERGY Products in approximately 106 brick-and-mortar stores in Las Vegas, Nevada, including Maverik stores and Circle K stores.

26.    Since February 2018, Vitamin Energy has expanded its sales of VITAMIN ENERGY Products in brick-and-mortar stores to more than 8,000 locations in 44 states, including Alabama, Arizona, Arkansas, California, Colorado, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Michigan, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Utah, Washington State, West Virginia, and Wyoming.

27.    The brick-and-mortar stores include Pilot Flying J Travel Centers, TravelCenters of America, Circle K Stores, and Maverik stores, some of the largest brick-and-mortar retailers in the world.

28.    Since October 2017, Vitamin Energy's sales of VITAMIN ENERGY Products have grown more that 1000% year-over-year, making it one of the fastest growing energy shots in the world.

29.    As a result of Vitamin Energy's efforts, Vitamin Energy has accumulated significant goodwill in its VITAMIN ENERGY Trademarks.

30.    As a result of Vitamin Energy's continuous use, promotion, and sales, Vitamin Energy's VITAMIN ENERGY Trademarks enjoy substantial recognition, fame, and notoriety throughout the United States, and are recognized by the general and consuming public as emanating from a particular source.

31.    Vitamin Energy has consistently used its registered trademarks in conjunction with the letter R enclosed by a circle and/or other indicia sufficient to provide notice of registration.

**B.    Defendants' Infringing Products and Activities**

32.    Boomer Naturals, with Capri's authorization and approval, markets, distributes, offers for sale, sells, advertises, and promotes dietary supplements in commerce ("Defendants' Products").

33.     Boomer Naturals, with Capri's authorization and approval, uses Vitamin Energy's VITAMIN ENERGY Trademarks in connection with Defendants' Products.

34.     Examples of Boomer Naturals' use of Vitamin Energy's VITAMIN ENERGY Trademarks in connection with Defendants' Products are shown below:

 

 

(Examples of Defendants' advertising for Defendants' Products are attached to this Complaint as Exhibit 3)

35.     Boomer Naturals, with Capri's authorization and approval, markets, distributes, offers for sale, sells, advertises, and promotes Defendants' Products online at <boomernaturals.com>. *See* Exhibit 3.

36.     Boomer Naturals, with Capri's authorization and approval, markets, distributes, offers for sale, sells, advertises, and promotes Defendants' Products at CVS Pharmacy stores. (Material from Defendants' website advertising the sale of Defendants' Products at CVS Pharmacy stores is attached as Exhibit 4).

37.     According to Boomer Naturals' <boomernaturals.com> website, Defendants' Products are offered for sale and sold at CVS Pharmacy stores in and around Philadelphia, Pennsylvania. *See* Exhibit 4.

38.     Defendants' Products have been advertised, offered for sale, and sold in this District, online and/or at CVS Pharmacy stores.

39.     Boomer Naturals' use of VITAMIN ENERGY in connection with Defendants' Products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Boomer Naturals with Vitamin Energy.

40.     Boomer Naturals' use of VITAMIN ENERGY in connection with Defendants' Products is likely to cause confusion, or to cause mistake, or to

10

deceive as to the origin, sponsorship, or approval of Defendants' Products, or Defendants' commercial activities, with Vitamin Energy.

41.    Boomer Naturals' use of VITAMIN ENERGY in connection with Defendants' Products lessens the capacity of VITAMIN ENERGY to identify and distinguish Vitamin Energy's goods and services.

42.    On information and belief, Boomer Naturals and Capri are aware of Vitamin Energy's VITAMIN ENERGY Products and VITAMIN ENERGY Trademarks.

43.    On information and belief, Boomer Naturals and Capri engaged in their infringing and misleading activities with actual knowledge and notice of Vitamin Energy's VITAMIN ENERGY Trademarks with the willful intent to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Boomer Naturals with Vitamin Energy.

44.    On information and belief, Boomer Naturals and Capri engaged in their infringing and misleading activities with actual knowledge and notice of Vitamin Energy's VITAMIN ENERGY Trademarks with the willful intent to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants' Products, or Defendants' commercial activities, with Vitamin Energy.

45.     Boomer Naturals and Capri do not have, and have never had, consent, license, approval, or other authorization to use Vitamin Energy's VITAMIN ENERGY Trademarks in any manner.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114

46.     Vitamin Energy repeats and incorporates by reference the allegations in the preceding paragraphs.

47.     Boomer Naturals' use of VITAMIN ENERGY, with the authorization and approval of Capri, has caused and is likely to continue causing confusion, deception and mistake by creating the false and misleading impression that Boomer Naturals' goods, services, and commercial activities are made, sold or distributed by Vitamin Energy, or are associated or connected with Vitamin Energy, or have the sponsorship, endorsement, or approval of Vitamin Energy.

48.     Boomer Naturals' use of VITAMIN ENERGY is confusingly similar to Vitamin Energy's federally registered trademarks, in violation of 15 U.S.C. § 1114.

49.     Boomer Naturals and Capri's acts caused and, unless enjoined by this Court, will continue to cause, a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Boomer Naturals with Vitamin Energy, for which Vitamin Energy has no adequate remedy at law.

50.     Boomer Naturals' acts, authorized and approved by Capri, demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Vitamin Energy's federally registered trademarks, to Vitamin Energy's irreparable harm.

51.     Boomer Naturals and Capri caused and will continue causing injury to the public and to Vitamin Energy, and Vitamin Energy is entitled to injunctive relief and to recover Boomer Naturals and Capri's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II – FEDERAL UNFAIR COMPETITION
## 15 U.S.C. § 1125(a)(1)(A)

52.     Vitamin Energy repeats and incorporates by reference the allegations in the preceding paragraphs.

53.     Boomer Naturals' use of confusingly similar imitations of Vitamin Energy's VITAMIN ENERGY Trademarks, with the authorization and approval of Capri, has caused and is likely to continue causing confusion, deception and mistake by creating the false and misleading impression that Boomer Naturals' goods, services, and commercial activities are made, sold or distributed by Vitamin Energy, or are associated or connected with Vitamin Energy, or have the sponsorship, endorsement, or approval of Vitamin Energy.

13

54.    Boomer Naturals and Capri have made false representations, false descriptions, and false designations of, on, and in connection with Defendants' Products, services, and commercial activities, in violation of 15 U.S.C. § 1125(a)(1)(A).

55.    Boomer Naturals and Capri's acts caused and, unless enjoined by this Court, will continue to cause, a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Boomer Naturals with Vitamin Energy, for which Vitamin Energy has no adequate remedy at law.

56.    Boomer Naturals' acts, authorized and approved by Capri, demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Vitamin Energy's VITAMIN ENERGY Trademarks, to Vitamin Energy's irreparable harm.

57.    Boomer Naturals and Capri caused and will continue causing injury to the public and to Vitamin Energy, and Vitamin Energy is entitled to injunctive relief and to recover Boomer Naturals and Capri's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT III – TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION
## COMMON LAW

58.    Vitamin Energy repeats and incorporates by reference the allegations in the preceding paragraphs.

59.    Boomer Naturals' use of confusingly similar imitations of Vitamin Energy's VITAMIN ENERGY Trademarks, with the authorization and approval of Capri, has caused and is likely to continue causing confusion, deception and mistake by creating the false and misleading impression that Boomer Naturals' goods, services, and commercial activities are made, sold or distributed by Vitamin Energy, or are associated or connected with Vitamin Energy, or have the sponsorship, endorsement, or approval of Vitamin Energy.

60.    Boomer Naturals and Capri have made false representations, false descriptions, and false designations of, on, and in connection with Defendants' Products, services, and commercial activities, in violation of Pennsylvania common law.

61.    Boomer Naturals and Capri's acts caused and, unless enjoined by this Court, will continue to cause, a likelihood of confusion, mistake, or deception as to the affiliation, connection, or association of Boomer Naturals with Vitamin Energy, for which Vitamin Energy has no adequate remedy at law.

62.     Boomer Naturals' acts, authorized and approved by Capri, demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Vitamin Energy's VITAMIN ENERGY Trademarks, to Vitamin Energy's irreparable harm.

63.     Boomer Naturals and Capri caused and will continue causing injury to the public and to Vitamin Energy, and Vitamin Energy is entitled to injunctive relief and to recover Boomer Naturals and Capri's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees.

## COUNT IV – PENNSYLVANIA ANTI-DILUTION
### 54 PA. CONS. STAT. § 1124

64.     Vitamin Energy repeats and incorporates by reference the allegations in the preceding paragraphs.

65.     Since 2017, Vitamin Energy has exclusively and continuously promoted and used its VITAMIN ENERGY Trademarks in Philadelphia, in Pennsylvania, and throughout the United States.

66.     Vitamin Energy's VITAMIN ENERGY Trademarks have become famous and well-known symbols of Vitamin Energy, its goods, services, and commercial activities, long before Boomer Naturals began using VITAMIN ENERGY in Pennsylvania.

67.     Boomer Naturals' use of VITAMIN ENERGY in Pennsylvania dilutes and will likely continue diluting the distinctiveness of Vitamin Energy's

16

VITAMIN ENERGY Trademarks by, among other things, eroding the public's exclusive identification of the famous and distinctive VITAMIN ENERGY Trademarks with Vitamin Energy, tarnishing and degrading the positive associations and prestigious connotations of the VITAMIN ENERGY Trademarks, and otherwise lessening the capacity of the VITAMIN ENERGY Trademarks to identify and distinguish Vitamin Energy's goods, services, and commercial activities from the goods, services, and commercial activities of others.

68.     Boomer Naturals' acts, authorized and approved by Capri, demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Vitamin Energy's VITAMIN ENERGY Trademarks, and to cause dilution of Vitamin Energy's VITAMIN ENERGY Trademarks to Vitamin Energy's irreparable harm.

69.     Boomer Naturals and Capri caused and will continue causing injury to the public and to Vitamin Energy, and Vitamin Energy is entitled to injunctive relief and to recover Boomer Naturals and Capri's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under 54 PA. CONS. STAT. § 1124 and 54 PA. CONS. STAT. § 1125(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Vitamin Energy, LLC prays for judgement against Defendants Boomer Naturals Inc. and Daniel Capri s as follows:

1.    The Court enters judgment for Plaintiff Vitamin Energy, LLC and against Defendants Boomer Naturals Inc. and Daniel Capri on all Counts.

2.    Boomer Naturals Inc., Daniel Capri, and any of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority of Boomer Naturals Inc. and Daniel Capri, or in active concert or participation with Boomer Naturals Inc. and Daniel Capri, and each of them, be preliminarily and permanently enjoined from:

    a.  advertising, marketing, promoting, offering for sale, distributing, and selling goods, services, and engaging in any other commercial activities using VITAMIN ENERGY;

    b.  using VITAMIN ENERGY, or any copy, reproduction, colorable imitation, or simulation of VITAMIN ENERGY, on or in connection with Boomer Naturals or Capri's goods, services, or commercial activities;

    c.  using any mark, name, logo, design, or source designation of any kind on or in connection with Boomer Naturals or Capri's goods, services, or commercial activities that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of Vitamin Energy's VITAMIN ENERGY Trademarks, trade dresses, names, or logos;

    d.  using any mark, name, logo, design, or source designation of any kind on or in connection with Boomer Naturals or Capri's goods, services and commercial activities that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods,

18

services or commercial activities are produced or provided by Vitamin Energy, or are sponsored or authorized by Vitamin Energy, or are in any way connected or related to Vitamin Energy;

e.  using any mark, name, logo, design, or source designation of any kind on or in connection with Boomer Naturals or Capri's goods, services, or commercial activities that dilutes or is likely to dilute the distinctiveness of Vitamin Energy's VITAMIN ENERGY Trademarks, trade dresses, names, or logos; and

f.  passing off, palming off, or assisting in passing off or palming off of Boomer Naturals or Capri's goods, services, and commercial activities as those of Vitamin Energy, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint.

3.  Defendants Boomer Naturals Inc. and Daniel Capri be ordered to cease offering for sale, marketing, promoting, and selling, and to recall all goods bearing VITAMIN ENERGY, or any other a confusingly similar imitation Vitamin Energy's VITAMIN ENERGY Trademarks, that are in Boomer Naturals Inc. and Daniel Capri possession, custody, or control, or have been shipped by Boomer Naturals Inc. and Daniel Capri, or shipped under their authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Boomer Naturals Inc. and Daniel Capri.

4.  Defendants Boomer Naturals Inc. and Daniel Capri be ordered to deliver up for impoundment and destruction, all goods, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional materials,

stationery, or other materials in the possession, custody, or control of Boomer Naturals Inc. and Daniel Capri that are found to adopt, infringe, or dilute any of Vitamin Energy's VITAMIN ENERGY Trademarks, or that otherwise unfairly compete with Vitamin Energy and its goods, services, and commercial activities.

5.    Defendants Boomer Naturals Inc. and Daniel Capri be compelled to account to Vitamin Energy for any and all profits derived by Boomer Naturals Inc. and Daniel Capri from the sale or distribution of goods, services, and commercial activities resulting from the acts forming the basis of this Complaint.

6.    Vitamin Energy be awarded its damages for the acts forming the basis for this Complaint.

7.    Based on Defendants Boomer Naturals Inc. and Daniel Capri knowing and intentional use of confusingly similar imitations of Vitamin Energy's VITAMIN ENERGY Trademarks, trebling the damages and profits awarded as provided for by 15 U.S.C. § 1117(a).

8.    Defendants Boomer Naturals Inc. and Daniel Capri be required to pay to Vitamin Energy its costs and reasonable attorney fees incurred in this action pursuant to 15 U.S.C. § 1117(a), and applicable state law.

9.    Based on Defendants Boomer Naturals Inc. and Daniel Capri willful and deliberate infringement and/or dilution of Vitamin Energy's VITAMIN

ENERGY Trademarks, and to deter such conduct in the future, award Vitamin Energy punitive damages.

10.     Vitamin Energy be awarded prejudgment and post-judgement interest on all monetary awards.

11.     Vitamin Energy be awarded such other relief as this Court deems just and proper.

**JURY TRAIL DEMANDED**

Plaintiff Vitamin Energy, LLC respectfully demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

**IPPOLITI LAW GROUP**

*/s/ Patrick K. Gibson*
**PATRICK K. GIBSON, ESQ.**
Attorney I.D. #315863
1225 N. King Street, Suite 900
Wilmington, DE 19801
Ph.: (302) 428-1400
Fax: (302) 428-9664
patrick@ippolitilawgroup.com
*Counsel for Plaintiff*

Date: May 24, 2021